**Jonathan W. GRIGSBY,**
**Plaintiff–Appellant,**

v.

**Robert HOREL, Warden; et al.,**
**Defendants–Appellees.**

**No. 08–17181.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.*

Filed July 27, 2009.

Jonathan W. Grigsby, Crescent City, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jonathan W. Grigsby, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm in part, vacate in part, and remand.

■ The district court properly dismissed the due process claim based on defendants' alleged failure to respond to Grigsby's administrative grievances because prisoners do not have a liberty interest in a particular grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003).

■ The district court determined that Grigsby failed to state a First Amendment claim because he only alleged isolated instances of delay and possible interference with his mail. However, at this early stage of the proceedings, Grigsby's allegations, liberally construed, present a First Amendment claim based on defendants' alleged failure to send a letter and delay in delivering a priority mail package. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) (per curiam) (stating that prisoners have "a First Amendment right to send and receive mail"); *cf. Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir.1999) (concluding that temporary delay in delivery of mail did not violate First Amendment

where prison officials had come forward with a legitimate penological reason for the delay); *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc) (regarding leave to amend). In addition, we instruct the district court on remand to address Grigsby's claim based on the alleged confiscation of stamps.

Grigsby's remaining contentions are unpersuasive.

Grigsby shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

